IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERROLL G. HARRELL       :
(AIS# 264688),          :
     Petitioner,        :
                        :
vs.                     :   CIVIL ACTION NO.11-00702-CB-B
                        :
CYNTHIA WHITE,          :
     Respondent.        :
                        :

**REPORT AND RECOMMENDATION**

This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be denied as untimely, and that judgment be entered in favor of Respondent, Cynthia White, and against Petitioner, Erroll G. Harrell, pursuant to 28 U.S.C. § 2244(d).

Petitioner Erroll G. Harrell was indicted by an Elmore County, Alabama Grand Jury for one count of capital murder, pursuant to ALA. CODE § 13A-5-40(a)(15) (1975), in connection with the beating death of his two-week old son. (Doc. 12 at 1-2). Harrell pled guilty to the charge of murder, pursuant to ALA. CODE

§ 13A-6-2 (1975), on February 23, 2009, and was sentenced to life imprisonment on March 31, 2009. (Doc. 4 at 2, 4; Doc. 12 at 1-2). Harrell does not allege and the record does not reflect that he filed a direct appeal from the judgment of conviction, a petition seeking certiorari review before the Supreme Court of Alabama, or any other post-conviction state court pleading. (Doc. 4 at 3).

On December 7, 2011, Harrell filed the instant habeas petition.[1] (Doc. 1). In his petition, Harrell alleges that his conviction and sentence are unconstitutional because his plea was attained through: 1) fraud due to the fact that he was told he would die if he did not accept a plea offer of life imprisonment, 2) misrepresentation and double jeopardy due to the fact that he was told he was charged with murder and would plea to involuntary homicide, but his "plea is the same as [the charge in] the indictment," 3) duress due to the fact that he was told he would die if he did not enter a guilty plea but he

---

[1] Petitioner's original petition was received by the Court on December 9, 2011, but was signed by Petitioner on December 7, 2011. The Court assumes that Petitioner delivered the petition to prison officials for mailing on the same date he signed it and will consider December 7, 2011, the date of filing. See Houston v. Lack, 487 U.S. 266, 271-272 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999) (A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing). The Court then requested the petition be filed on the Court's form for habeas corpus petitions, and Petitioner resubmitted his petition, and it was stamped received by the Court on January 26, 2012. (Doc. 4).

did not "know [that] the death election was withdrawed [sic] long before the lawyer told [him] that," 4) justifiable ignorance of facts given that he cannot read or comprehend law very well. (Doc. 4 at 6-8). In his Answer, Respondent argues that the instant petition should be dismissed as untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d).

## ANALYSIS

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003). Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. Id., F.3d at 890. Since Harrell filed his petition on December 7, 2011, this action is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed above, the record shows that Harrell was sentenced on March 31, 2009. Since he did not file any post-conviction petitions or motions, his conviction and sentence became final, and the AEDPA filing limitation began to run on May 13, 2009, 42 days after his sentence was entered.[2] See § 2244(d)(1)(A). The one-year limitations period for filing a

---

[2] When calculating the timeliness of a habeas petition brought under § 2254, the judgment ordinarily is not considered final until the time for filing a post-conviction appeal has expired. According to the *Alabama Rules of Appellate Procedure*, Harrell had 42 days after pronouncement of his sentence to file his notice of appeal. See ALA. R. APP. P. 4(b)(1).

4

habeas action under § 2254 expired on May 13, 2010; however, Harrell did not file the instant petition until December 7, 2011, which was well over a year and a half after the expiration of the AEDPA limitation period.

In order to save his untimely petition, Harrell must demonstrate circumstances excusing his failure to file within AEDPA's one-year limitations period. Section 2244(d)(2) provides for statutory tolling of the habeas limitations period during the time in which a properly filed application for state post-conviction or other collateral review is pending. In this case, however, Harrell did not file any post-conviction applications or pleadings. Therefore, his untimely habeas petition is not saved by the statutory tolling provision of § 2244(d)(2).

Before recommending the dismissal of his petition for habeas relief, the undersigned must determine whether Harrell has pled extraordinary circumstances that require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandivik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)], Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

5

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'"). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Blankenship v. Hall, 542 F.3d 1253, 1270 (11th Cir. 2008); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The circumstances of Harrell's case fail to demonstrate that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew, 297 at 1286-87. Harrell's only argument for equitable tolling is that he "just learned and became aware of the rights that was [sic] violated . . . based on NAACP made it illegal for a legal official to advise a defendant that his rights is [sic] being violated, and it is with that that the plaintiff in the action was recently taught the law and the situation concerning his case and the plaintiff move in action as provided by the first amendment of the U.S. Constitution Petition for redress." (Doc. 7 at 3). Ignorance of the law is not a basis for equitable tolling of a statute of

6

limitations, even for *pro se* prisoners. Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). The facts presented by Harrell do not evidence extraordinary circumstances beyond his control which made it impossible for him to file his petition for habeas corpus relief in a timely manner, nor do they present a sufficient basis upon which to conclude that Harrell used due diligence in pursuing habeas corpus relief in a timely manner. Therefore, equitable tolling is inapplicable to the present case and does not save the untimely filing of Harrell's habeas petition.

Because Harrell has not proffered any facts that imply or denote extraordinary circumstances beyond his control that made it impossible for Harrell to have complied with AEDPA's statute of limitation and filed this action over a year and a half earlier, the undersigned recommends that his petition for habeas corpus be denied as untimely.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, Harrell's claims do not warrant the issuance of a Certificate of Appealability. His claims are time-barred and he has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Harrell is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[3]

---

[3] The guidelines for proceeding in forma pauperis are set forth in 28 U.S.C. § 1915. An appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d

## CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be denied as untimely. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **February, 2013.**

                                               /s/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**